IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY D. EDWARDS,

     Plaintiff,                   No. CIV S-06-2081 GEB DAD P

    vs.

E.A. SAUCEDO, et al.,

     Defendants.        ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. § 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. See 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of

the preceding month's income credited to plaintiff's prison trust account.  These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital

Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In the present case, plaintiff has identified as defendants R. Blackwell, R. Long, E.A. Saucedo, and Warden D.K. Sisto. All defendants are employed at CSP-Solano.

Plaintiff alleges that defendants Blackwell, Long, and Saucedo recommended that he be categorized as an administrative determinant pursuant to 15 Cal. Admin. Code

/////

3

§ 3375.2(b)(25).[1]  Plaintiff alleges that the defendants made that recommendation in retaliation for his filing of administrative grievances and civil rights actions against them.  Plaintiff also alleges that the defendants' recommendation does not advance any legitimate penological interests.  Plaintiff also alleges that defendant Sisto, as Chief Executive Officer, has allowed this treatment of prisoners and is legally responsible for it.  Finally, plaintiff requests a court order requiring that he be placed in minimum security institution.

The court finds that plaintiff's complaint states cognizable claims for relief against defendants Blackwell, Long, and Saucedo.  If the allegations of the complaint are proven against the defendants, plaintiff has a reasonable opportunity to prevail on the merits of this action.  The court finds that plaintiff's complaint does not state a cognizable claim against defendant Sisto.  Plaintiff has failed to allege any specific causal link between the actions of defendant Sisto and the claimed constitutional violations.[2]

/////

/////

/////

/////

---

[1] Under that regulation, prisoners found to be administrative determinants may have administrative or irregular placement conditions imposed upon them, overriding their placement at the type of facility called for by their placement score.  In plaintiff's case that status was based upon a current or prior conviction for a violent felony, or a sustained juvenile adjudication requiring placement in a facility with a higher security level than that indicated by his placement score.  See 15 Cal. Admin. Code § 3375.2(b)(25).

[2] However, apart from plaintiff's retaliation claim, the court notes that it is well-established that inmates do not have a constitutional right to be incarcerated at a particular correctional facility or in a particular cell or unit within a facility.  See Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985) ("An inmate's liberty interests are sufficiently extinguished by his conviction so that the state may change his place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another.")  Thus, allegations of a deprivation of rights caused by prison officials' decisions regarding a prisoner's place of confinement or housing assignments do not give rise to a federal constitutional claim under the Fifth and Fourteenth Amendments.  See Board of Regents v. Roth, 408 U.S. 564, 569 (1972).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's September 19, 2006 motion to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Service of the complaint is appropriate for the following defendants: Blackwell, Long, and Saucedo.

4. The Clerk of the Court shall send plaintiff three USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed September 19, 2006.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit all of the following documents to the court at the same time:

    a. The completed, signed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 3 above; and

    d. Four copies of the endorsed complaint filed September 19, 2006.

6. Plaintiff shall not attempt to effect service of the complaint on defendants or request a waiver of service of summons from any defendant. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: March 6, 2008.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
edwa2081.1a

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LARRY D. EDWARDS, | | |
| | Plaintiff, | No. CIV S-06-2081 GEB DAD P |
| vs. | | |
| E.A. SAUCEDO, et al., | | NOTICE OF SUBMISSION |
| | Defendants. | OF DOCUMENTS |
| _____/ | | |

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    _____ <u>one</u> completed summons form;

    _____ <u>three</u> completed USM-285 forms; and

    _____ <u>four</u> true and exact copies of the complaint filed September 19, 2006.

DATED: _____.

                                                                  _____
                                                                  Plaintiff